IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Lee Washington, #311014, ) | Case No.: 4:23-cv-7108-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Judge Steven H. John, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 14.) Plaintiff Edward Lee Washington, #311014 ("Plaintiff" or "Washington"), proceeding *pro se* and *in forma pauperis*, purports to bring this action under *Bivens* because Plaintiff contends his state court sentencing judge recently resigned and must have been unqualified when he sentenced Plaintiff years ago. (DE 10, p.3.) However, Plaintiff has named a state court judge as the sole defendant and not a federal official. Liberally construed, Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff further alleges his incarceration is an injury. Plaintiff's request for relief is monetary damages and release.

      On January 12, 2024, Plaintiff was notified of deficiencies in his original complaint and given an opportunity to amend the complaint. (DE 7.) Plaintiff availed himself of that opportunity

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

and filed an Amended Complaint. (DE 10.) The Amended Complaint also has deficiencies and is subject to summary dismissal.

The Report was issued on February 9, 2024, recommending the case be dismissed for failure to state a claim upon which relief can be granted. Plaintiff did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 14) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's case is summarily dismissed for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
June 25, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.